IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TIGER NATURAL GAS, INC. ) | |
| ) | |
| Plaintiff, ) | No. 03-2201C |
| ) | (Judge Lettow) |
| v. ) | |
| ) | |
| THE UNITED STATES ) | |
| ) | |
| Defendant. ) | |
| ) | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S THIRD MOTION FOR AN ENLARGEMENT OF TIME

Plaintiff Tiger Natural Gas, Inc. ("Tiger") hereby opposes Defendant's Motion for another 30 day enlargement to respond to Tiger's Complaint. For the following reasons, the Court should deny the Motion and order Defendant to respond by no later than February 27, 2004.

**I. FACTS**

Tiger is a small business based in Tulsa, Oklahoma, which employs approximately 25 people. Among other things, Tiger supplies natural gas to federal facilities throughout the nation under contracts with the General Services Administration ("GSA"). Under its GSA contracts for natural gas supply, Tiger must pay for the natural gas it supplies to federal facilities regardless of whether GSA pays its invoices on time. These GSA contracts are unrelated to Tiger's GSA contract regarding the propane backup system which is at issue in this case and is discussed below.

Since at least July 12, 2002, GSA has alleged that Tiger made a savings guarantee regarding its installation of a propane backup system at a federal facility in Fort Worth, Texas. Complaint, Exhibit K. Subsequently, on September 19, 2002, based on the

alleged guarantee, GSA's contracting officer issued a "final decision" holding Tiger liable for $39.783.17 for alleged lost savings during the period ranging from the date of installation of the system through the date of the letter. Complaint, Exhibit M. Thereafter, in August 2003, GSA withheld $44,125.55 from unrelated Tiger invoices for natural gas supply to GSA facilities to offset amounts GSA contended were owed under the alleged savings guarantee. Exhibit 1, which is attached hereto.

On September 17, 2003, Tiger filed a Complaint before this Court seeking a declaratory judgment stating the following: (1) Tiger did not make a savings guarantee to GSA relating to the installation of the Fort Worth Federal Center propane backup system; and (2) Tiger is not liable to GSA for any cost savings allegedly not realized as a result of the installation of the propane backup system.

On November 14, 2003, Defendant filed its first Motion for an Enlargement of Time. Defendant requested 60 days to "allow us time to review the [GSA's litigation] report, to complete the Government's response to the complaint, and to have the response reviewed by counsel's supervisor." By Order dated November 24, 2003, the Court granted Defendant's Motion and ordered Defendant to respond by January 16, 2004.

On January 16, 2004, Defendant filed its Second Motion for an Enlargement. Tiger did not oppose. The Court allowed Defendant to respond by February 19, 2004.

Prior to filing Defendant's Third Motion for Enlargement, counsel for Defendant telephoned the undersigned counsel to seek consent to the Motion. Defendant's Counsel indicated that he would be in Los Angeles during the week of February 19-23. Based on the previous delays in this case, the undersigned counsel was unwilling to consent to any

more lengthy extensions. On February 13, 2004, Defendant filed its Third Motion for Enlargement.

**II. ARGUMENT**

Any extension of time must be for "cause shown." RCFC 6(b). Defendant has failed to demonstrate such cause.

GSA has known about the facts surrounding this dispute for nineteen months. Before now, The United States had five months in which to formulate a response to Tiger's Complaint. It is unnecessary to delay this case further. The facts are uncomplicated—either Tiger made a savings guarantee or it did not. If Defendant were able to cite a contractual provision stating such a guarantee, Defendant certainly could have and should have done so by now.

Due to modern technology, counsel for Defendant certainly can continue to complete his work. Even in Los Angeles, it is reasonable to assume that counsel will have access to Department of Justice offices there and/or a business center at his hotel. Counsel ought to be able to arrange to have telephone conversations with GSA officials based in Fort Worth, Texas and officials in Washington D.C. by taking advantage of the time difference on the West Coast. Likewise, counsel should have access to computers to enable him to e-mail government officials if necessary and ultimately e-file a responsive pleading. This case should not be delayed any further due to the mere fact that Counsel expects to be away from his office for a week.

As a small business, Tiger will be damaged by further delays and the withholding of funds indisputably owed under unrelated invoices. Tiger already has paid for the natural gas supplied. Like many small businesses, Tiger relies on prompt payment of its

invoices to replenish its working capital. The withholding of payment affects Tiger's ability to buy natural gas to supply federal facilities.

Defendant seeks 30 days to continue to hold Tiger's money. Another 30 day delay would unfairly burden Tiger. Tiger believes that Defendant can complete its work in less time than requested. Therefore, Defendant's Motion should be denied.

DATED this 17th day of February, 2004.

Respectfully submitted,

s/ Sandeep Kathuria
General Counsel
Tiger Natural Gas, Inc.
1422 East 71st Street, Suite J
Tulsa, OK 74136
(918) 491-6998 (telephone)
(918) 491-6659 (facsimile)
skathuria@tigernaturalgas.com

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2004, I caused to be placed via Federal Express overnight delivery and in the United States mail (first class, postage prepaid) copies of "PLAINTIFF'S OPPOSITION TO DEFENDANT'S THIRD MOTION FOR AN ENLARGEMENT OF TIME," addressed as follows:

Michael F. Bahler
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington D.C. 20530

s/ Sandeep Kathuria
General Counsel
Tiger Natural Gas, Inc.