IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIGER NATIONAL GAS, INC., | ) | |
| Plaintiff, | ) | No. 03-2201C (Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY PROCEEDINGS

Defendant, the United States, respectfully requests a stay of proceedings for thirty days to allow the General Services Administration ("GSA") to release the disputed offset to Tiger National Gas ("Tiger"). Once the offset is released, the case will be moot.

I. Nature of the Case

In its complaint, plaintiff asks the Court for declaratory relief, and "the release of funds setoff by GSA." Compl. at 6-7. On March 29, 2004, GSA sent Tiger a letter withdrawing the contracting officer's final decision in the present matter. See A1[1]. The undersigned counsel has been advised by Kevin Myles, GSA's procurement analyst for the contract, that Tiger will be sent the offset funds by April 28, 2004. Since the Court lacks jurisdiction to rule on Tiger's claim for a declaratory judgment, the case will become moot once the funds are released.

[1]"A_" refers to pages in the attached appendix.

ARGUMENT

I. This Court Lacks Jurisdiction to Entertain Tiger's Request for a Declaratory Judgment

It is well-established that the United States Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984). Except in rare circumstances not present here, the Court "does not have the authority to issue declaratory judgments." Information Sys. & Networks Corp. v. United States, 48 Fed. Cl. 265, 267-68 (2000). The Court of Federal Claims "cannot grant nonmonetary equitable relief such as a . . . declaratory judgment." First Hartford Corp. v. United States, 194 F.3d 1279, 1294 (Fed.Cir. 1999); see also United States v. King, 395 U.S. 1, 5 (1969).

There is no dispute that the remaining claim before the Court is one for a declaratory judgment. See Compl. at 6-7; Pl. Op. to Mot. for Enlargement, March 18, 2004, at 1. Since the Court lacks jurisdiction to issue the declaratory judgment plaintiff seeks, the claim should be dismissed once the offset is released.

CONCLUSION

For the reasons stated above, the Court should stay the proceedings for thirty days to allow GSA to release the offset in question to Tiger.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Michael F. Bahler
MICHAEL F. BAHLER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3020

Attorneys for Defendant

March 29, 2004