IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIGER NATURAL GAS, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 03-2201C<br>(Judge Lettow) |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS

Plaintiff Tiger Natural Gas, Inc. ("Tiger" or "TNG") respectfully opposes Defendant's Motion to Stay Proceedings ("Motion to Stay"). For the fifth time since the Complaint was filed on September 17, 2003, Defendant seeks to postpone the filing of a responsive pleading in this case. Defendant's current motion asserts that the Court would lose jurisdiction over this case once GSA releases the funds offset from Tiger's invoices, thus rendering the case moot. As is clearly outlined below, Defendant misapprehends the facts of this case and the applicable law.

Tiger's case arises under Section 10(a)(1) of the Contract Disputes Act ("CDA"). Complaint ¶2. Based on the 1992 revisions to the Tucker Act (see citations *infra*), which create an exception to the traditional rule against declaratory judgments, the Court will retain jurisdiction of this case even after the funds are released to Tiger. This case will not become moot. Therefore, the Motion to Stay should be denied.

By the Complaint, Tiger requests two distinct forms of relief. First, Tiger seeks to undo by declaratory judgment the contracting officer's "final decision" interpreting the contract to find that Tiger provided a savings guarantee to a federal facility as to the

installation of a propane backup system (the "nonmonetary relief"). The final decision is attached hereto as Exhibit 1[1]. Second, Tiger seeks to gain the release of funds offset pursuant to the final decision as savings allegedly not realized by GSA (the "monetary relief"). Thus, Tiger seeks both nonmonetary and monetary relief.

By letter dated March 29, 2004, attached hereto as Exhibit 2, the contracting officer states, "I will withdraw my initial final decision to the extent that I am releasing the offset ... which totals $44.125.55." Nevertheless, the contracting officer adds, "I wish to emphasize that this letter is in no way a concession of our positions regarding the proper interpretation of the contract." Id. In short, while the contracting officer has decided to release the money offset, she retains the inconsistent assertion that the contract contains a savings guarantee. As a result of this interpretation, Tiger's GSA invoices remain subject to future offsets under the authority of the contracting officer's final decision.[2] Thus, while Tiger welcomes GSA's admission of liability as to the monetary relief, the parties still are taking adverse positions going forward as to the nonmonetary relief.

Contrary to Defendant's assertion, the Court has jurisdiction to hear Tiger's nonmonetary disputes with the contracting officer. While this Court historically had limited jurisdiction to issue declaratory judgments, Congress expanded this jurisdiction through the Tucker Act in 1992. See 28 U.S.C. § 1491(a)(2). The Tucker Act provides, "The Court of Federal Claims shall have jurisdiction to render judgment upon any claim

[1] The final decision letter originally was attached to the Complaint as Exhibit M.
[2] On at least 3 separate occasions, GSA has invoked the contracting officer's final decision letter to offset funds from Tiger's invoices. Complaint, ¶¶18-20. Defendant's lead counsel has represented to the undersigned counsel that the contracting officer believes that Tiger provided a 10-year savings guarantee. It specifically should be noted that the contracting officer's final decision only covers alleged savings as of September 2002. Exhibit 1. Thus, given the contracting officer's view of the facts, it is likely that she will seek alleged lost savings through the present date and for the foreseeable future.

by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978[3], *including . . . nonmonetary disputes on which a decision of the contracting officer has been issued*" (emphasis added). In this case, Tiger is challenging a contracting officer's final decision pursuant to Section 10(a)(1) of the Contract Disputes Act. Complaint, ¶¶2,17. Even after Tiger receives the monetary relief it initially sought, due to the revisions to the Tucker Act, Tiger still may seek a declaratory judgment as to its nonmonetary disputes regarding the final decision. 28 U.S.C. § 1491(a)(2).

Defendant cites First Hartford Corp. v. United States, 194 F.3d 1279, 1294 (Fed. Cir. 1999), for the proposition that this case will become moot because the Court of Federal Claims cannot grant nonmonetary equitable relief such as a declaratory judgment. Yet, First Hartford was not a contract dispute under the Tucker Act, but rather was a claim by a savings bank shareholder regarding the purchase of shares. Id. More importantly, Defendant's assertion directly conflicts with the plain language of the Tucker Act, 28 U.S.C. § 1491(a)(2) and applicable case law. Sharman Co. v. United States, 2 F.3d 1564, 1572 (Fed.Cir. 1993)(rev'd on other grounds)(*finding that Section 1491(a)(2), as amended in 1992, gives this Court jurisdiction to hear nonmonetary claims whether or not those claims are incident to monetary claims*). Indeed, this Court has heard claims arising under the Contract Disputes Act requesting only nonmonetary relief. See e.g. Alliant Techsys., Inc., v. United States, 178 F.3d 1260, 1267-1270 (Fed.Cir. 1999); Libertatia Assocs., Inc. v. United States, 46 Fed.Cl. 702, 702-703 & n.1 (2000); Newport News Shipbldg. and Dry Dock Co. v. United States, 44 Fed.Cl. 613, 614 (1999).

---

[3] 41 U.S.C. § 609(a)(1).

In an analogous case, the United States contended that if a claim for monetary relief was dismissed, then a claim for declaratory relief accordingly must be dismissed. Dangfeng Shen Ho v. United States, 49 Fed.Cl. 96, 101 (2001). This Court rejected this contention. Indeed, this Court specifically found that it "does not lose jurisdiction over plaintiff's nonmonetary claims arising under the CDA when it dismisses . . . monetary claims." Id. Thus, Tiger's case should proceed after the offset has been released.

Furthermore, even Information Systems & Networks Corporation v. United States, 48 Fed.Cl. 265 (2000), cited by Defendant in support of the traditional rule of limited jurisdiction, recognizes that this Court's jurisdiction was enlarged by amendment of the Tucker Act in 1992. Id. at 268. Notably, while Defendant concedes that there are exceptions to the general rule as to declaratory judgments, Defendant does not endeavor to discuss them.

Additionally, in support of the Motion to Stay, Defendant cited two cases that were decided *before* the revisions to the Tucker Act in 1992 expanding this Court's jurisdiction to include nonmonetary claims under CDA. Dynalectron Corp. v. United States, 4 Cl. Ct. 424 (1984); United States v. King, 395 U.S. 1, 5 (1969). Therefore, these cases are inapposite.

As a result of the manner in which Tiger pled its complaint, it would be difficult for Defendant to prevail on a motion to dismiss for lack of jurisdiction or mootness. In the Complaint, Tiger specifically invoked the Tucker Act and section 10(a)(1) of the Contract Disputes Act to support its jurisdiction before this Court. In the jurisdictional

averments, Tiger pled as follows:

> This claim arises under an express contract made between TNG and Defendant, acting through Carol Lautzenheiser of GSA, in October 2000. Pursuant to Section 10(a)(1) of the Contract Disputes Act of 1978, 41 U.S.C. § 609, TNG seeks a judgment by the Court of Federal Claims to a dispute between TNG and GSA.. Jurisdiction of this action is conferred on this Court by 28 U.S.C. § 1491 [the Tucker Act].

Complaint, ¶¶ 2-3. In the event that Defendant files a motion to dismiss, the Court would be required to construe the allegations of the complaint favorably to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (abrogated on other grounds). Thus, in rendering any decision, the Court must presume that all of Tiger's allegations are true. As a result, Defendant is unlikely to prevail on a motion to dismiss.

This Court plainly has the authority to decide Tiger's request for declaratory or nonmonetary relief pursuant to the Tucker Act. Defendant's counsel has taken ample time to speak to his supervisors. Any further delays would unfairly prejudice Tiger. Therefore, the Court should order Defendant to file a responsive pleading by no later than April 2, 2004, or risk being held in default.

DATED this 31st day of March, 2004.

Respectfully submitted,

s/ Sandeep Kathuria
General Counsel
Tiger Natural Gas, Inc.
1422 East 71st Street, Suite J
Tulsa, OK 74136
(918) 491-6998 (telephone)
(918) 491-6659 (facsimile)
skathuria@tigernaturalgas.com