IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIGER NATIONAL GAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 03-2201C |
| | ) | (Judge Lettow) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS AND APPENDIX

Pursuant to Rule 12(b)(6) of the Rules of United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court dismiss Tiger's declaratory judgment claim on prudential grounds. Additionally, defendant respectfully requests that the Court dismiss Tiger's claim seeking monetary relief on the grounds that it has been mooted by the General Services Administration's ("GSA") voluntary release of $44,125.55, constituting a complete return of the offset in controversy. See A1 (April 6, 2004 wire transfer documentation)[1]. In support of this motion, we rely upon the complaint, and the following brief and appendix.

In its April 2, 2004 order, the Court instructed the Government to address two issues in its motion to dismiss: "1) whether plaintiff is entitled to interest on the amount offset by defendant, running from the date of the contracting officer's

---

[1] "A_" refers to pages in the attached appendix.

receipt of plaintiff's claim of entitlement to the date of payment by the Government, and 2) whether plaintiff's claim of entitlement to a declaratory judgment survives defendant's voluntary payment of the offset without any admission of liability."

I. Plaintiff Is Not Entitled To Interest

"[T]he longstanding rule [is] that the sovereign is not liable for interest on a damage award unless consent to pay has been made explicit by a waiver of sovereign immunity in an act of the legislature or in a lawful contract of its executive officer. (Citations omitted). Courts must strictly construe waivers of sovereign immunity in favor of the Government. (Citations omitted). Morever, congressional intent must be unambiguous. (Citations omitted)." Crowley v. United States, 57 Fed. Cl. 376, 378 (2003).

The Supreme Court defined the "no-interest rule" in Library of Congress v. Shaw, 478 U.S. 310, 314-15 (1986). "In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award. . . . [I]nterest cannot be recovered unless the award of interest was affirmatively and separately contemplated by Congress."

In the present case, we are not aware of any statute or act authorizing the Government to pay interest to Tiger on the now

released offset. The Contract Disputes Act allows "[i]nterest on amounts *found* due. . . ." 41 U.S.C. § 611 (emphasis added). In the present case, the Government voluntarily released the offset back to Tiger, and there was no judicial finding. Accordingly, Tiger is not entitled to any interest payment.

## II. The Court Should Not Entertain Tiger's Request For A Declaratory Judgment

The Court's April 2, 2004 order inquired whether "plaintiff's claim of entitlement to a declaratory judgment survives defendant's voluntary payment of the offset without any admission of liability."

Tiger's request for a declaratory judgment is not dependent upon its claim for money. Tiger could have brought its declaratory judgment claim standing alone, and the Court's analysis for determining whether it should entertain the claim would be the same. The Court of Federal Claims is never required to issue a declaratory judgment and the Court regularly declines jurisdiction except in rare cases when special circumstances necessitate an early adjudication. Because such circumstances do not exist here, the Court should decline to proceed with Tiger's declaratory judgment claim.

In its March 31, 2004 opposition to defendant's motion to stay proceedings, Tiger argued to greatly expand the Court's practice of only issuing declaratory judgments in limited circumstances. The chief case Tiger relied upon, Informational

Systems & Networks Corporation v. United States, 48 Fed. Cl. 265, 267-68 (2000), provides that "[a] complaint for a declaratory judgment appealing a denial of claims by a CO's final decision falls within the court's jurisdiction over non-monetary claims."

However, the Federal Circuit has held that the Court of Federal Claims has "discretion to grant declaratory relief *only* in limited circumstances [that should be] restrict[ed] . . . to those [claims] involving a fundamental question of contract interpretation or a special need for early resolution of a legal issue." Alliant Techsystems, Inc. v. United States, 178 F.3d 1260, 1265 (Fed. Cir. 1999)(emphasis added).

> "[T]he Court of Federal Claims is [not] required to issue a declaration of rights whenever a contractor raises a question of contract interpretation during the course of contract performance. In responding to such a request, the court . . . is free to consider the appropriateness of declaratory relief, including whether the claim involves a live dispute between the parties, whether a declaration will resolve the dispute, and whether the legal remedies available to the parties would be adequate to protect the parties' interest.

Id.

In Zimmerman v. HBO Affiliates Group, 834 F2d. 1167, 1170 (1987), the Court of Appeals for the Third Circuit defined "live dispute" as a "substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment. The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial

determination . . . . Although the threat of legal action may present a real controversy, the remedy of declaratory judgment is discretionary even where a justiciable controversy exists."

The Zimmerman court ultimately declined to hear plaintiff's declaratory judgment claim because it "lack[ed] the immediacy and reality necessary to require a judicial declaration of rights as between the parties." Id.

In Hamilton Securities Advisory Services v. United States, 2004 WL 583717, *13 (Fed. Cl. March 24, 2004), the Court of Federal Claims applied the Alliant factors to a declaratory judgment claim. In declining jurisdiction, the Court held that there was "no special need for early resolution of a legal issue" and that "legal remedies [were] available [to] adequate[ly] protect the parties' interest." Id. at *14.

In the present case, Tiger does not present the Court with the "sufficient immediacy and reality to warrant issuance of declaratory judgment." There is "no special need for early resolution of a legal issue." The disagreement over the savings guarantee does not amount to a "substantial controversy" involving "a fundamental question of contract interpretation." While it might be convenient for Tiger to resolve the issue now, the case simply does not rise to the level of a "live dispute," the central factor in the Alliant framework.

Morever, Tiger is attempting to burden the Court with a

theoretical dispute that may never ripen into an actionable claim. In Zimmerman, the Court specifically declined jurisdiction over the declaratory judgment when it was "purely a matter of conjecture" whether the claim would ever ripen into a justiciable controversy. 834 F2d. at 1170. In the future, if the Government claims a guarantee, Tiger will then be free to pursue its rights.

There is no question that the Court is not required to hear Tiger's declaratory judgment claim. There is also no special, immediate, real need to go forward.

## CONCLUSION

For the reasons stated above, the Court should grant the Government's motion to dismiss the complaint on prudential grounds.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Michael F. Bahler
MICHAEL F. BAHLER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3020

Attorneys for Defendant

April 12, 2004