IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIGER NATIONAL GAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 03-2201C |
| | ) | (Judge Lettow) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY BRIEF

### I. Tiger Has Not Presented The Court With The Required Exigent Circumstances To Justify A Declaratory Judgment

In its Opposition To Defendant's Motion To Dismiss, Tiger fails to appreciate the prudential limits on the Court's discretion to hear declaratory judgment claims[1]. In Alliant Techsystems, Inc. v. United States, 178 F.3d 1260, 1265 (Fed. Cir. 1999), the Federal Circuit held that the Court of Federal Claims has "discretion to grant declaratory relief only in limited circumstances [that should be] restrict[ed]. . . to those [claims] involving a fundamental question of contract interpretation or a special need for early resolution of a legal issue."

Ignoring this clear standard, Tiger argues its case as if the Court were obligated to hear its declaratory judgment claim.

[1] We note that Tiger's facts section contains numerous inaccuracies. Notwithstanding, Tiger's own version of the facts fail to present the Court with the exigent circumstances needed to justify a declaratory judgment.

In its brief, Tiger states that "as a matter of law, [its] claim of *entitlement* to a declaratory judgment survives [the resolution of its monetary claim]." Tiger Opp. Br. (May 10, 2004) at 5 (emphasis added). As a matter of law, however, Tiger is not entitled to a declaratory judgment. See Alliant, 178 F.3d at 1265 ("the Court of Federal Claims is [not] required to issue a declaration of rights whenever a contractor raises a question of contract interpretation during the course of contract performance").

Tiger attempts to skirt the prudential considerations enumerated in Alliant by arguing that they only apply to claims made "during contract performance." Tiger Opp. Br. at 6. Tiger then states that "contract performance [in this case] has been complete since March 21," when the contracting officer conveyed to Tiger she was releasing the offset funds. Id.

Tiger's myopic interpretation of "the course of contract performance" would force courts to adjudicate virtually any declaratory judgment claim involving a guarantee or warranty, even in the absence of a pressing need. Further, performance in the present contract is still ongoing. Black's Law Dictionary, (7th ed. 1999), defines "performance" in part as "[t]he successful completion of a contractual duty, usually resulting in the performer's release from past or future liability." Here, the ten-year guarantee in question has not run, nor has Tiger

been released from future liability.

Moreover, Tiger has admitted it has been "paid in full," Tiger Opp. Br. at 6, and that the instillation of the backup propane tank is complete. Id. Thus, there is no urgent need to presently litigate the guarantee claim. The issuance of a declaratory judgment at present will not send a worker home, or keep him on the job. It further will not result in any funds changing hands. It simply will have no discernible effect, except to resolve a theoretical dispute that may never rise to an actionable claim. Far from presenting compelling circumstances to litigate the guarantee issue immediately, this case is the textbook example of an unnecessary declaratory judgment claim that should be dismissed.

Tiger misconstrues the meaning of "live dispute," one of the factors under the Alliant framework. Tiger contends that its declaratory judgment claim satisfies this element because even though "the contracting officer has decided to release the money offset," her March 29, 2004 letter "maintains that Tiger made a savings guarantee." Tiger Opp. Br. at 6. According to Tiger, that the parties disagree over language in the contract is grounds sufficient to create a live dispute.

This view is not the law. In Zimmerman v. HBO Affiliates Group, 834 F2d. 1167, 1170 (1987), the Court of Appeals for the Third Circuit defined "live dispute" as a "substantial

controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." The Government does not contest that there is a dispute as to the proper interpretation of the contract, but it is not a live dispute. Tiger has failed to demonstrate the "sufficient immediacy and reality to warrant issuance of a declaratory judgment."

Tiger next argues that, absent a declaratory judgment, "the legal remedies available [to it] would [not] adequate[ly] protect [its] interest." Tiger Opp. Br. at 7 (quoting Alliant, 178 F.3d at 1271). This assertion is also baseless. Tiger cites 41 U.S.C. § 609, which states in subsection (3): "Any action under [the Contract Disputes Act] shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim . . . ." Tiger contends that since "[m]ore than one year has passed since the contracting officer issued her final decision," it "will be without a remedy" if the Court dismisses its declaratory judgment claim.

In the future, if the contracting officer claims the guarantee in question, she will have to issue a new decision. At that time, Tiger will be free to appeal that new decision to either the Court of Federal Claims or the General Services Board of Contract Appeals pursuant to 41 U.S.C. § 609. Thus, there is

no danger of Tiger being left without a remedy.

Further, Tiger's reading of the Alliant factors would effectively short circuit the analysis. Tiger's argument here is that the twelve-month statute of limitations in 41 U.S.C. § 609 necessitates a ruling on its declaratory judgment claim. Since the same statute of limitations applies to every plaintiff who brings a declaratory judgment action under the Contracts Disputes Act ("CDA" or "the Act"), this argument would obligate courts to hear any and all declaratory judgment claims brought under the CDA. This assertion, however, directly conflicts with Alliant, which states that "declaratory relief" should only be adjudicated in "limited circumstances." 178 F.3d at 1265

II. Tiger Is Not Owed Interest

In its opposition brief, Tiger attempts to manipulate the language in the CDA. The Act explicitly states that interest is only allowed on those "amounts *found* due." 41 U.S.C. § 611 (emphasis added). Tiger claims that since the contracting officer released the disputed offset, she thus "*found due* the amounts released for purposes of the CDA." Tiger Opp. Br. at 9 (emphasis in the original).

On its face, the term "amounts found due" cannot be reasonably read to refer to a contracting officer's revised final decision. Rather, logic and principles of statutory construction dictate that the "amounts found due" contemplates an adjudication

by either a court or administrative body. Further, if there is any ambiguity in the language, it must be resolved in favor of the Government. See, e.g., Crowley v. United States, 57 Fed. Cl. 376, 378 (2003) (Congressional consent to award interest cannot be "by implication or by use of ambiguous language").

Tiger has simply failed to meet its burden of demonstrating that Congress unambiguously authorized the award of interest in the current situation. The two cases Tiger relies upon, Essex Electro Engineers, inc. v. United States, 22 Cl. Ct. 757 (1991), and Santa Fe, Inc. v. United States, 22 Cl. Ct. 464 (1987), are inapposite to the present action because they do not illuminate the "amounts found due" language. In Essex, the Court denied plaintiff's interest requests because the underlying cause of action was not a "claim" within the meaning of the CDA. 22 Cl. Ct. at 766-67. In Santa Fe, the Court dismissed the plaintiff's interest request for lack of jurisdiction because the contractor had previously elected to pursue its underlying claim at the Board of Contract Appeals. 22 Cl. Ct. at 470.

## CONCLUSION

For the reasons stated above, we respectfully ask the Court to grant the Government's motion to dismiss the complaint on prudential grounds, and deny Tiger's request for interest.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A Melnick
MARK A. MELNICK
Assistant Director

s/ Michael F. Bahler
MICHAEL F. BAHLER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-3020

Attorneys for Defendant

May 27, 2004