IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIGER NATIONAL GAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 03-2201C |
| | ) | (Judge Lettow) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies and alleges as follows.

1. Admits the allegations contained in paragraph 1 to the extent that Tiger National Gas ("Tiger") has several supply contracts with the Government for natural gas; denies the remaining allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegations contained in the first sentence of paragraph 2 to the extent supported by the cited contract, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 2. The allegations in the second sentence of paragraph 2 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute

conclusions of law, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first sentence of paragraph 4 to the extent supported by the cited notice, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the second sentence of paragraph 4 to the extent supported by the cited notice, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 4. Admits the allegations contained in the third sentence of paragraph 4 to the extent supported by the cited notice, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 4. Denies the allegations contained in the fourth sentence of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegations contained in paragraph 5 to the extent supported by the cited schedule, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the cited proposal, which is the best evidence of its contents; otherwise denies the

allegations contained in the first sentence of paragraph 6. Admits the allegations contained in the second sentence of paragraph 6 to the extent supported by the cited proposal, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 6. Admits the allegations contained in the third sentence of paragraph 6 to the extent supported by the cited proposal, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits the allegations contained in paragraph 7 to the extent supported by the cited letters, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the cited letters and schedule, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the cited contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in the first sentence of

paragraph 10 to the extent that Tiger installed a propane backup system at the Fort Worth Federal Center by March 21, 2001; otherwise denies the allegations contained in the first sentence of paragraph 10. Admits the allegations contained in the second sentence of paragraph 10 to the extent that a TXU representative toured the Fort Worth Federal Center; denies the remaining allegations contained in the second sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the third sentence of paragraph 10 to the extent that Tiger was paid in full by GSA for work under the contract; denies the remaining allegations contained in the third sentence of paragraph 10.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits the allegations contained in paragraph 12 to the extent that TXU contacted GSA; denies the remaining allegations contained in paragraph 12.

13. Admits the allegations contained in the first sentence of paragraph 13 to the extent supported by the cited contract and agreement, which are the best evidence of their contents; denies the remaining allegations contained in the first sentence of paragraph 13. Admits the allegations contained in the second sentence of paragraph 13 to the extent that General Services

Administration ("GSA") did not enter into the agreements; denies the remaining allegations contained in the second sentence of paragraph 13.

14. Denies the allegations contained in the first sentence of paragraph 14; avers that GSA switched to an interruptible gas rate service in May 2003. Admits the allegations contained in the second sentence of paragraph 14 to the extent that GSA was negotiating with TXU for a gas transportation agreement in January 2003; denies the remaining allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the cited letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in first sentence of paragraph 16 to the extent that Tiger contacted GSA; denies the remaining allegations contained in the first sentence of paragraph 16 for lack of knowledge or information sufficient to form as belief as to their truth. Admits the allegations contained in the second sentence of paragraph 16 to the extent that the parties entered into discussions to resolve the dispute; denies the remaining allegations contained in the second sentence of paragraph 16.

17. Admits the allegations contained in paragraph 17 to the

extent supported by the cited letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18 to the extent that GSA made an offset from unrelated invoices; denies the remaining allegations contained in the first sentence of paragraph 18. Denies the allegations contained in the second sentence of paragraph 18.

19. Admits the allegations contained in the first sentence of paragraph 19 to the extent that Billy Joe Coates and Brooke Cox had a telephone conversation with Teresa Kepke; denies the remaining allegations contained in the first sentence of paragraph 19. Denies the allegations contained in the second sentence of paragraph 19. Denies the allegations contained in the third sentence of paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20 to the extent that Brooke Cox spoke with Teresa Kepke on the telephone; denies the remaining allegations contained in the first sentence of paragraph 20. Denies the allegations contained in the second sentence of paragraph 20.

21. Defendant's responses to paragraphs 1 through 20 of the complaint are incorporated by reference.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

23. Denies.

24. Denies.

25. The allegations contained in paragraph 25 constitute conclusions of law, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

26. Denies.

27. Defendant's responses to paragraphs 1 through 26 of the complaint are incorporated by reference.

28. On April 6, 2004, GSA voluntarily released $44,125.55 to Tiger, constituting a complete return of the offset in controversy. See Defendant's Motion To Dismiss (April 12, 2004) at 1. Avers the matter is now moot.

29. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 28. Avers that the matter of the offset is now moot pursuant to the GSA's voluntary return of the monies On April 6, 2004.

30. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/ Michael F. Bahler
MICHAEL F. BAHLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 307-1011
Facsimile: (202) 514-8624
Attorneys for Defendant

July 19, 2004