IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TIGER NATURAL GAS, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | ) | No. 03-2201C<br>(Judge Lettow) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims, Plaintiff Tiger Natural Gas, Inc. ("Tiger" or "TNG") and Defendant respectfully submit this Joint Preliminary Status Report.

1. Jurisdiction

The Court has ruled that it possesses jurisdiction over this matter. Tiger Natural Gas, Inc. v. United States, 2004 WL 1570152 (2004).

2. Consolidation

The case should not be consolidated with any other case.

3. Bifurcation

Bifurcation is not necessary.

4. Further Proceedings

Further proceedings should not be deferred pending consideration of another case.

5. Remand and Suspension

Remand and suspension will not be sought.

6. Additional Parties

Additional parties will not be joined.

7. Dispositive Motions

The parties anticipate filing cross motions for summary judgment after discovery.

8. Relevant Factual and Legal Issues

The issue before the Court is whether the text of the contract contains a savings guarantee.

Tiger seeks a declaratory judgment stating the following:

(a) There exists an actual controversy between TNG and GSA with regard to the rights and obligations under the contract for installation of the Fort Worth Federal Center propane back-up system.

(b) TNG did not guarantee any cost savings to GSA as a result of installation of the Fort Worth Federal Center propane back-up system.

(c) All savings estimates made by TNG were conditioned upon representations by GSA that subsequent to installation of the system GSA would switch to an interruptible, industrial gas rate, and that any cost savings not realized by GSA are a result of it own failure to obtain an interruptible, industrial gas rate contract.

(d) GSA may not rely upon its own failure and omission to act as a basis for recovering from TNG.

(e) TNG is entitled to an order relieving it from any liability to GSA for any cost savings allegedly not realized as a result of installation of the Fort Worth Federal Center propane back-up system.

The Government further represents that if the court should find ambiguity in the contract, Tiger would have the burden to demonstrate that it reasonably relied on its interpretation of the contract.

9. Settlement/ADR

The parties have discussed the possibility of settlement on more than one occasion including at the Early Meeting of Counsel on August, 31, 2004, but do not believe it is likely at this time due to the parties' differing views of the case. Tiger has no objection to alternative dispute resolution of this case.

10. Trial

Absent settlement or ADR, the parties anticipate proceeding to trial. Neither party requests expedited trial scheduling.

11. Discovery Plan and Proposed Deadlines

(a) Disclosure of Expert Reports: April 30, 2005

(b) Deadline for Deposition of Experts: July 15, 2005

(c) Deadline for Fact Discovery: July 31, 2005.

DATED this 9th day of September, 2004.

Respectfully submitted,

s/ Sandeep Kathuria
General Counsel
Tiger Natural Gas, Inc.
1422 East 71st Street, Suite J
Tulsa, OK 74136
(918) 491-6998 (telephone)
(918) 491-6659 (facsimile)
skathuria@tigernaturalgas.com

s/ Michael F. Bahler
MICHAEL F. BAHLER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 305-3020